# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRACEY VICKERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-398-NJR |
| ) | |
| GERTCH, SANDERS, RUE, SLOAN, ) | |
| HAWES, AHMED, SHAH, and WELTY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court for case management purposes. The Court screened Plaintiff's Complaint (Doc. 8) pursuant to 28 U.S.C. §1915A on June 14, 2019 ("Screening Order") (Doc. 8).[1] Pursuant to the Screening Order, Defendant Shah was issued a waiver of service on July 18, 2019 (Doc. 15), and Defendant returned the waiver on July 23, 2019 (Doc. 17). Defendant's responsive pleading was due on September 16, 2019. As of this date, Defendant has failed to move, answer, or otherwise plead in response to the Complaint.

The Federal Rules of Civil Procedure provide that the Clerk of Court must enter default against a defendant who has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). Accordingly, the Court **ORDERS** as follows:

---

[1] The Screening Order directed Defendant to "timely file an appropriate responsive pleading to the Complaint" and states that Defendant "shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g)." (Doc. 8, p. 10). Because the Court specifically ordered Defendant to respond to the Complaint, Defendant cannot rely on the Prison Litigation Reform Act to avoid the entry of default. 42 U.S.C. § 1997e(g)(2). *See* e.g., *Vinning v. Walks*, 2009 WL 839052, *1 n.2 (S.D. Ill. Mar. 31, 2009) (default against defendant was proper because the Court exercised its authority under 42 U.S.C. § 1997e(g)(2) by directing the defendant to file a reply to plaintiff's complaint, and the defendant "disregarded that direct [o]rder").

(1) The Clerk of Court is **DIRECTED** to **ENTER DEFAULT** against Defendant Shah in accordance with Federal Rule of Civil Procedure 55(a).

(2) Plaintiff is **ORDERED** to move for default judgment against Defendant Shah on or before **October 22, 2019**, in accordance with Federal Rule of Civil Procedure 55(b).

(3) If Plaintiff fails to move for default judgment as set forth in this Order, this entire action will be dismissed as to Defendant Shah for failure to prosecute and/or failure to comply with an order of the Court.

(4) The Clerk of Court is **DIRECTED** to transmit a copy of this Order and the entry of default to Plaintiff and to Defendant Shah.

**IT IS SO ORDERED.**

**DATED: 10/1/2019**

*s/ Nancy J. Rosenstengel*
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**