# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRACEY VICKERS,  )<br>  )<br>  Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>  )<br>ROBERT GERTCH, SHAWN  )<br>SANDERS, BRADLEY RUE, JAMES  )<br>SLOAN, DAWNA HAWES, FAIYAZ  )<br>AHMED, SHAH, and WELTY,  )<br>  )<br>  Defendants.  ) | Case No. 19-cv-398-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on a Motion to Set Aside Default (Doc. 27) and Motion for Leave to File Answer (Doc. 28) filed by Defendants Shah and Welty.[1] Plaintiff filed his Complaint on April 10, 2019. The Court conducted its threshold review pursuant to 28 U.S.C. §1915A on June 14, 2019 (Doc. 8). Waivers of service were sent out and returned by both Defendants on July 18, 2019 and July 25, 2019, respectively. (Docs. 17 and 19). Defendant Shah was given until September 16, 2109 to file an Answer. Defendant Welty had until September 23, 2019 to file an Answer. Both Defendants failed to do so and the Court entered default against both Defendants on October 2, 2019 (Docs. 21, 22, 24, and 25). Defendants filed their joint motion to set aside default on October 3, 2019.

---

[1] Defendants have identified themselves by their proper names: Vipin Shah and Tammy Welty. The Clerk is **DIRECTED** to **CORRECT** the docket to reflect Defendants' proper names.

1

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." "In order to vacate an entry of default the moving party must show: (1) good cause for default, (2) quick action to correct it, and (3) [a] meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009). The standard for setting aside an entry of default is the same as that for setting aside a default judgment, but is applied more liberally. *Cracco*, 559 F.3d at 631.

Defendants have met the standard for vacating a default. They received and returned their waivers of service to the Court but mistakenly failed to send the waivers to their counsel. They also acted quickly to resolve the issue as counsel has filed motions to set aside the default the day after the default was entered.

Given that defaults are disfavored and the standard for vacating an entry of default is liberally applied, the Court finds that Defendants have met the requirements of Rule 55(c) and **GRANTS** the Motion to Set Aside Default (Doc. 27). The entries of default (Docs. 24 and 25) are **VACATED**. Defendants' Motion for Leave to File Answer (Doc. 28) is **GRANTED** and they have until **October 11, 2019** in which to file their Answers. The Clerk is **DIRECTED** to **CORRECT** the docket in accordance with footnote 1.

**IT IS SO ORDERED.**

**DATED: 10/8/2019**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**